19. By e-mail transmittal of June 25, 2012, from Counsel for Nova to Counsel for the Debtors, Nova advised the Debtors that without adequate protection Nova did not consent to the Debtor's use of the Collateral, including "cash collateral" as that term is defined in the Bankruptcy Code.

20. In initial discussions among counsel for the parties, Nova has requested the following from the Debtors as adequate protection for the Debtors use of Nova's Collateral:

(a) Monthly interest of $1,364 on the $268K Loan and $3,997 on the $700K Loan.

(b) An inventory of the contents of both locations and the stock on hand to be taken by a bank representative.

(c) An accounting of the total of cash in the bank and on hand at the locations and in the possession of the Rossanos elsewhere, and pending credit card transactions as of COB June 19, certified by one of the Rossanos to be complete and accurate.

(d) Most recent financial statements and last 3 years of tax returns for both Debtors.

(e) Reports of receipts and disbursements for each business week ending on COB Saturday, starting with June 30.

(f) A 13 week cash flow projection and budget for each location.

(g) Insurance certificate for each location and its contents.

(h) Documentation and an accounting for all intercompany loans among Lexxa, Bernards and B2.

21. The Debtors have disputed Nova's claim to an interest in cash collateral and have provided minimal response with regard to the balance of the information requested by Nova – so

far, access has been provided for the purposes of inspection and appraisal of the Collateral, and the Debtors have provided financial statements and federal income tax returns for the period ending December 31, 2009.

## JURISDICTION AND VENUE

22. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(M).

23. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

24. The statutory predicate for the relief sought herein are 11 U.S.C. §§ 363(c)(2), 363(c)(4) and 363(e), Fed. R. Bankr. P. 4001(a)(1) and 9014, and D.N.J. LBR 9013-1.

## RELIEF REQUESTED AND REASONS THEREFORE

25. By this motion, Nova seeks an order of the Court prohibiting the use by the Debtors of any property of the estates that is Collateral for the repayment of the Indebtedness due to Nova by both of the Debtors, or in the alternative conditioning the Debtors use of Collateral, including cash collateral on the provision of adequate protection to Nova.

### A. Debtors Use of Cash Collateral

26. The operations of the Debtors involve transactions primarily if not exclusively involving customer payments by cash and credit or debit cards. Thus, as of the Petition Date, each of the Debtors maintained cash balances on hand and in banks, and they also had processed and unprocessed card transactions not yet converted to cash. The aggregate total of this cash and cash equivalents is "cash collateral" that was part of the Bank's Collateral on the Petition Date. *See* 11 U.S.C. § 363(a) for the definition of cash collateral under the Bankruptcy Code.[1] The

---

[1] The Statement of Financial Affairs filed by Lexxa show revenue of over $4 million for 2011 which amounts to roughly $12,800 per day, yet Schedule B that is filed shows cash and deposits on June 20, 2012 of only slightly

Bank has requested, and the Debtors should be required to provide, a full accounting of all cash collateral as of the Petition Dates, and the use of cash collateral should be prohibited or conditioned on the provision of adequate protection.

27. Section 363(c)(2) of the Bankruptcy Code sets forth the requirements for a debtor's proposed use of cash collateral, and provides, in pertinent part that:

> [t]he trustee may not use, sell, or lease cash collateral ... unless –
> (A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

11 U.S.C. § 363(c)(2).

28. In the absence of authorization to use cash collateral, the debtor is responsible for maintaining the collateral for the protection of the creditor with an interest in the collateral. Section 363(c)(4) of the Bankruptcy Code requires the debtor to "account for any cash collateral in the trustee's possession, custody or control." The segregation requirement applies to cash collateral on hand at the time of filing as well as to cash generated during the case through the accumulation of after acquired cash. *See In re Scottsdale Medical Pavilion*, 159 B.R. 295 (B.A.P. 9th Cir. 1993).

29. In correspondence to the Debtors, Nova indicated that it does not consent to the Debtors use of the Bank's cash collateral, and a specific request was made for customary and reasonable accountings, projections, budgets, reports, and other protections, as set forth in paragraph 20, above. The Debtors have been largely unresponsive and Debtors have not filed a motion requesting authorization to use cash collateral. The Debtors continue to use Nova's cash collateral without Nova's consent and without authorization from this Court should not be permitted.

---

more than $4,000 and there is nothing indicated for credit card transactions and other receivables. For Bernards, the SOFA lists 2011 revenue of $1.279 million and Petition Date cash of less than $6,000.

AC1 1109584v1 07/17/12

30. The Court should require that the Debtors provide an accounting of all cash collateral and prohibit use of cash collateral by the Debtor unless and until there is an offer of adequate protection that is either accepted by Nova or otherwise ordered by the Court.

B. **Debtors Use of Other Collateral**

31. Like the cash collateral, Nova has a lien on all other Property of Lexxa and Property of Bernards. This is the same property that the Debtors are using every day as they continue in business generating revenue through the provision of services and the sale of the items at retail. Use of this property which is the Bank's Collateral should not be allowed, unless and until there is an offer of adequate protection that is either accepted by Nova or otherwise ordered by the Court.

32. Section 363(e) of the Bankruptcy Code provides that "on request of an entity that has an interest in property . . . proposed to be used, sold, or leased, by the trustee [or debtor in possession], the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e).

33. Examples of adequate protection are provided in section 361 of the Bankruptcy Code and include, but are not limited to: (1) "periodic cash payments" to the extent that such use "results in a decrease in value of such entity's interest in the property;" (2) "additional or replacement lien[s] to the extent that the use [of cash collateral] will cause a decrease in the value of such entity's interest in the property;" and (3) "granting such other relief … as results in the realization by the entity of the indubitable equivalent of such entity's interest in the property." 11 U.S.C. § 361.

34. Bankruptcy courts have broad flexibility under section 361 in deciding what constitutes adequate protection:

> This section specifies the means by which adequate protection may be provided. It does not require the court to provide it. To do so would place the court in an administrative role. Instead, the trustee or debtor in possession will provide or propose a protection method. If the party that is affected by the proposed action objects, the court will determine whether the protection provided is adequate. The purpose of this section is to illustrate means by which it may be provided and to define the contours of the concept.

H.R. Rep. No. 95-595, at 338, 95th Cong., 1st Sess. (1977); *see also Resolution Trust Corp. v. Swedeland Dev. Group, Inc. (In re Swedeland Dev. Group, Inc.)*, 16 F.3d 552, 564 (3d Cir. 1994) ("[A] determination of whether there is adequate protection is made on a case by case basis.").

35.    The principle purpose of adequate protection is to safeguard the interest of the secured creditor in the particular collateral against diminution in the value of such interest. *See In re Swedeland Dev. Group, Inc.*, 16 F.3d at 564 ("[T]he whole purpose of adequate protection for a creditor is to insure that the creditor receives the value for which he bargained prebankruptcy.") (quoting *In re O'Connor*, 808 F.2d 1393, 1396 (10th Cir. 1987)); *accord In re DeSardi*, 340 B.R. 790, 804 (Bankr. S.D. Tex. 2006) ("The purpose of adequate protection is to assure that the lender's economic position is not worsened because of the bankruptcy case."); *In re Hollins*, 185 B.R. 523, 528 (Bankr. N.D. Tex. 1995) ("Adequate protection seeks to protect a creditor from an [sic] decline in the value of its collateral . . . .").

36.    The interest of Nova in the Property of Lexxa and the Property of Bernards, including cash collateral, has not been safeguarded. Nova has received no post-petition payments or replacement liens from the Debtors. In the absence of providing periodic payments to Nova, the Debtors continue to generate substantial income in the hair salon business from the use of Nova's Collateral. Any future use of Nova's Collateral must be conditioned on the

AC1 1109584v1 07/17/12

Debtors providing adequate protection to Nova. In the event the Debtors cannot provide adequate protection to Nova, any use of the Collateral must be prohibited by this Court..

## CONCLUSION

37. These Debtors filed Chapter 11 on June 20, 2012, and have done virtually nothing to advance a reorganization effort since that time, all along using cash and other property that is the Collateral of Nova Bank without the consent of the secured party and without filing a motion to seek authority from the Court to continue using the Collateral of Nova. The Court should not allow this to continue, but instead should prohibit the use of Nova's Collateral or at least conditioning use on provision by the Debtors of adequate protection in the form of accountings of cash on hand, adherence to strict budgets established on reliable projections, weekly reporting of receipts and disbursements at each location, production of proof of insurance, accounting of all intercompany transactions, and delivery of financial statements and tax returns for each Debtor fo the past three (3) years.[2]

WHEREFORE, Nova Bank respectfully submits that the motion should be granted with the entry of an order prohibiting the use of Nova's Collateral or at least conditioning use on provision by the Debtors of adequate protection in the form of accountings of cash on hand, adherence to strict budgets established on reliable projections, weekly reporting of receipts and disbursements at each location, production of proof of insurance, accounting of all intercompany transactions, and delivery of financial statements and tax returns for each Debtor fo the past three (3) years, and for such other and further relief as is just and appropriate.

[continued on next page]

---

[2] The Debtors first filed a certification of Anthony Rossano indicating that neither had ever filed a tax return or had a financial statement prepared. Then, when Nova provided copies of a 2009 combined financial statement for operations of both Debtors and a 2009 federal tax return for Lexxa only, the Debtors filed these two ( 2) documents in both cases.

ACI 1109584v1 07/17/12

                                    Respectfully submitted,

                                    FOX ROTHSCHILD, LLP
                                    Attorneys for Nova Bank

                                  By:  /s/ Michael J. Viscount, Jr.
                                         Michael J. Viscount, Jr., Esquire

July 17, 2012

AC1 1109584v1 07/17/12